**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3376-21

JEFFREY DYE,

    Plaintiff-Appellant,

v.

DAVID WILDSTEIN and
THE NEW JERSEY GLOBE,

    Defendants-Respondents.

_____

Submitted December 12, 2023 – Decided December 18, 2023

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2608-20.

Jeffrey Dye, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

Plaintiff Jeffrey Dye appeals from the Law Division's June 9, 2022 order denying his motion for reconsideration of the court's March 10, 2021 order

dismissing the defamation complaint plaintiff filed against defendants David Wildstein and The New Jersey Globe. Having considered plaintiff's contentions on appeal in light of the record and the applicable law, we affirm substantially for the reasons set forth by the trial court in its thorough oral decision rendered on June 9, 2022.

In its decision, the trial court made the following pertinent findings of fact. On August 31, 2020, plaintiff filed his complaint against defendants. On November 9, 2020, defendants filed a motion to dismiss the complaint pursuant to Rule 4:6-2(c), (d), (e) and (f). The motion was returnable on December 4, 2020.

On November 18, 2020, plaintiff filed a "certification in opposition to [defendants'] motion." In the certification, plaintiff stated, "I don't think that this case should be dismissed." However, plaintiff did not address the merits of any of defendants' arguments. Instead, he complained that he was having a hard time focusing on the case due to personal issues and asked "for an extension to obtain an attorney due to [his] hardships along with this COVID-19 Pandemic."

The trial court sent the parties a notice by email, which extended the return date to January 6, 2021 in order to give plaintiff time to retain an attorney. However, plaintiff did not appear at oral argument on that date. The court

2

rescheduled oral argument for February 10, 2021, and again sent the parties a notice of the new date by email.

Plaintiff did not appear at the February 10 argument. The trial court waited another month and when plaintiff filed no further response, it rendered its decision dismissing plaintiff's complaint on March 10, 2021. The court found that the complaint had to be dismissed because of the statute of limitations and problems with the service of the complaint.[1] The court sent an order confirming the decision to the parties.

Pursuant to Rule 4:49-2, a motion for reconsideration "shall be served not later than [twenty] days after service of the judgment or order upon all parties . . . ." "Neither the parties nor the court may . . . enlarge the time specified by . . . [Rule] 4:49-2." R. 1:3-4(c).

Plaintiff did not file his motion for reconsideration of the March 10, 2021 order until May 2, 2022. In his notice of motion, plaintiff did not contest or even address the substantive reasons for the trial court's dismissal of his

---

[1] Plaintiff has not provided us with a copy of the March 10, 2021 transcript which set forth the trial court's findings of fact and conclusions of law supporting its decision to dismiss plaintiff's complaint. Therefore, we rely upon the summary of the basis for that decision the court provided on June 9, 2022.

complaint. Instead, plaintiff merely stated that he "wasn't given the right to be heard" prior to the court's decision.

On June 9, 2022, the trial court held oral argument on plaintiff's motion. During his lengthy colloquy with the court, plaintiff initially denied ever receiving the court's emails concerning the scheduling of his motion. However, he later admitted that he did not always check or read his emails. Plaintiff did not argue that the court's decision was incorrect or had been based on a faulty legal analysis. He merely complained that he had been unable to retain an attorney to help him since the time he filed his complaint.

At the conclusion of argument, the trial court rendered a comprehensive oral decision denying plaintiff's motion for reconsideration. The court found that plaintiff received notice of all of the court proceedings and had a full opportunity to respond to defendants' motion to dismiss the complaint. The court further found that even though plaintiff had reviewed its March 10, 2021 decision dismissing the complaint, plaintiff had still not identified any error in the decision that might warrant reconsideration. The court also noted that plaintiff's motion for reconsideration was approximately one year out of time under Rule 4:49-2. Accordingly, the court denied plaintiff's motion.

On appeal, plaintiff argues that "the trial court erred in denying [his] motion for reconsideration."  We disagree.

We review the denial of a motion for reconsideration to determine whether the trial court abused its discretion.  Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).  "Reconsideration cannot be used to expand the record and reargue a motion."  Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).  A motion for reconsideration is meant to "seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record."  Ibid.

For these reasons, reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence[.]"  Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).  Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate."  Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

Applying these principles, we discern no basis for disturbing the trial court's well-reasoned decision to deny plaintiff's motion for reconsideration. Plaintiff had ample opportunity to present arguments in opposition to the merits of defendants' motion to dismiss his complaint; he simply failed to do so. Even on appeal, he does not offer any basis for overturning the court's determination. Under these circumstances, we are satisfied that the court properly denied plaintiff's motion for reconsideration, and we affirm substantially for the reasons expressed in the court's June 9, 2022 decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3376-21